# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3380 | **DATE** | 1/24/2012 |
| **CASE TITLE** | Officer Lee E. Ammons, Jr. vs. Cook County et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of the order, the defendants' "Motion to Dismiss" [16] is granted.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

     On October 8, 2010, Plaintiff Lee E. Ammons, Jr., filed a complaint in the Circuit Court of Cook County, Illinois, against Cook County and its employees, Sheriff Tom Dart and Chief Darryl Howell, alleging a claim under the Americans with Disabilities Act (the "ADA") and a claim for intentional infliction of emotional distress under Illinois state law. (Dkt. No. 1 ¶ 4.) The complaint alleges that on February 25, 2009, Ammons suffered medical complications when Howell, his supervisor, prevented him from receiving an insulin injection for his diabetes. (Dkt. No. 1-2 ¶¶ 4-7.) On May 19, 2011, the defendants removed the action to this court. (Dkt. No. 1.) Thereafter, the court granted the defendants' motion to dismiss (Dkt. No. 15), and allowed Ammons to file an amended complaint, which he did on September 13, 2011 (Dkt. No. 14). The amended complaint addresses the same February 25, 2009 incident as the original complaint, and it alleges violations of 42 U.S.C. § 1983 and the ADA. Pending before the court is the defendants' second "Motion to Dismiss." (Dkt. No. 16.)

     In his response to the defendants' motion, Ammons agrees that his ADA claim should be dismissed because he did not first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful employment practice, as required by 42 U.S.C. § 2000e-5 and § 12117(a). (Dkt. No. 19 ¶ 5.) Accordingly, Ammons's ADA claim is dismissed.

     Defendants contend that Ammons's § 1983 claim should also be dismissed because it is untimely. Claims under § 1983 are subject to the statute of limitations for general personal injury suits, which in Illinois is two years. Ammons brought his § 1983 claim in his amended complaint on September 13, 2011, which is more than two years after the February 25, 2009 incident. It thus appears to be untimely.

     In response, Ammons contends that the § 1983 allegation should relate back to his original October 8, 2010 filing under Federal Rule of Civil Procedure 15(c)(1)(B). "In order to benefit from Fed. R. Civ. P. 15(c)'s 'relation back' doctrine," however, "the original complaint must have been timely filed." *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). The ADA claim in the original complaint was not timely filed because, as Ammons admits, it was not accompanied by a right to sue letter indicating that Ammons first filed a charge of discrimination with the EEOC. Ammons's state law intentional infliction of emotional distress claim was not

| STATEMENT |
|---|

timely, either. The state law claim was subject to a one-year statute of limitations, because "Illinois local governmental entities and their employees . . . benefit from a one-year statute of limitations for 'civil actions' against them. *Id.* (citing 745 Ill. Comp. Stat. 10/8–101). Because Ammons filed his complaint on October 8, 2010, over one year after the incident on February 25, 2009, his state law claim is untimely as well. There was thus no timely claim to which Ammons's § 1983 claim could relate. Ammons's § 1983 claim is thus untimely, and should be dismissed as well.

*James F. Holderman*